UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| Katrina T. Robinson, | ) | CASE NO. 1:25 CV 919 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| KeyBank National Association, *et al*., | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Katrina T. Robinson has filed an *in forma pauperis* civil rights complaint in this case pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Her complaint pertains to foreclosure and eviction actions brought against her in state court in connection with property located at 3527 West 127th Street in Cleveland, Ohio (the "Property"). (*See id*. at 12, ¶ IV.A.) She sues multiple Defendants, all apparently having some connection to the foreclosure or eviction proceedings.

The Cuyahoga County Court of Common Pleas docket shows that a judgment of foreclosure was entered against Plaintiff in connection with the property in 2021, and the property was subsequently sold at a sheriff's sale. *See KeyBank National Association v. Katrina Robinson, et al.*, No. CV-18-897666 (Cuy. Cty. Ct. of Comm. Pls.) A judgment of eviction was later entered in Cleveland Municipal Court in favor of the purchaser of the property and against Plaintiff after

Plaintiff failed to vacate the property. *See Khalil Rasheed v. Katrina T. Robinson*, No. 2021 CVG 005183 (Clev. Mun. Ct. Housing Division).

Although her complaint is not entirely clear as to her allegations and claims as against each of the multiple Defendants, she clearly challenges the propriety of the foreclosure and eviction judgments against her. She contends Defendants have violated her "federal rights by conspiring to manipulate foreclosure and eviction procedures, fabricating ownership documents, and obstructing [her] access to housing assistance and due process protections to which she was lawfully entitled." (Doc. No. 1, at 5, ¶I.) Asserting a host of claims under federal and state law, she seeks "injunctive and declaratory relief," including "[i]mmediate reversal of the foreclosure sale and title transfer"; a "declaration that the foreclosure and eviction were unlawful and void"; "[p]rohibition on further retaliation, eviction proceedings, or debt collection based on discharged obligations"; and [p]rotection of Plaintiff's rights while bankruptcy or adversary proceedings are pursued." (*Id*. at 11.)

With her complaint, Plaintiff filed various motions, including motions to proceed *in forma pauperis* (Doc. Nos. 2, 3, 4), for "Equitable Tolling" (Doc. No. 5); for Appointment of Counsel (Doc. No. 7), and for an "Emergency Injunction and Temporary Restraining Order" (Doc. No. 6).

Plaintiff's motions to proceed *in forma pauperis* are granted. For the following reasons, her complaint is dismissed.

**STANDARD OF REVIEW AND DISCUSSION**

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B). That statute expressly requires district courts to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See Hill v. Lappin*, 630

F.3d 468, 470–71 (6th Cir. 2010). The dismissal standard established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) for determining a motion to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under § 1915(e)(2)(B). *Id.* Thus, even a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a plausible claim for relief on its face to survive a dismissal for failure to state a claim. *Id.* at 471.

Upon review, the Court finds that Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B).

First, the *Rooker-Feldman* doctrine provides that "lower federal courts lack subject matter jurisdiction to review the decisions of state courts" and any claim "inextricably intertwined" with state court judgments. *See Givens v. Homecomings Fin.*, 2008 WL 2121008, at *1 (6th Cir. May 20, 2008); *Pieper v. Am. Arbitration Ass'n*, 336 F.3d 458, 460 (6th Cir. 2003). The doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Givens*, 2008 WL 2121008, at *1 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Therefore, "a litigant who loses in state court may not seek 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 489 (6th Cir. 2005) (citation omitted).

Here, whatever Plaintiff's specific claims and allegations against each of the Defendants are, she clearly seeks relief from and asks the Court to reverse and set aside foreclosure and eviction judgments duly entered against her by Ohio courts on the basis that such judgments were incorrect and violated her rights. This Court lacks subject-matter jurisdiction under the *Rooker-Feldman*

doctrine to do so. *See Kafele.*, 161 F. App'x 487 (affirming dismissal of claims resting on premise that a state foreclosure judgment was invalid).

Further, even to the extent they may not be barred by *Rooker-Feldman*, Plaintiff's claims are barred by the doctrine of *res judicata*, which prohibits a party from filing an action in federal court seeking to re-litigate matters already decided in state court proceedings. *See Heinz v. HSBC Mort. Servs.*, 2021 WL 4942198, at *5–6 (N.D. Ohio Oct. 21, 2021). Under the doctrine, "[a] valid, final judgment rendered upon the merits [in state court] bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997); *see also Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). A second suit is barred when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) the second suit involves the same parties or their privies as the first; (3) the second suit raises claims that were or could have been litigated in the previous action; and (4) the second suit arises out of the transaction or occurrence that was the subject matter of the previous action. *Hapgood*, 127 F.3d at 493.

It is clear on the face of Plaintiff's complaint that state-court judgments of foreclosure and eviction were entered against Plaintiff in connection with the property; (2) this lawsuit involves the same parties or their privies as the state actions; (3) Plaintiff has not alleged facts plausibly suggesting that the claims and defenses she asserts in this action relating to the propriety of foreclosure and eviction were not, or could not have been, asserted in the state actions; and (4) her claims arise out of the same transactions or occurrences.

Accordingly, as courts routinely find with respect to federal actions challenging the propriety of state foreclosure and eviction actions, *res judicata* bars Plaintiff's claims. *See, e.g.*, *Talbot v. U.S. Bank Nat'l Ass'n*, 814 F. App'x 1 (6th Cir. 2020) (holding that prior eviction and quiet title actions

barred foreclosed-upon former homeowner's fraud action against foreclosing bank on *res judicata* grounds); *Givens*, 2008 WL 2121008, at *2 (Fair Debt Collection Practices Act action brought after state court order granted mortgagee possession of residence due to mortgagor's default was barred by *res judicata*); *Clark v. Lender Processing Serv., Inc.*, 949 F. Supp. 2d 763, 773–74 (N.D. Ohio 2013) (holding that *res judicata* barred mortgagor's claims under the FDCPA and Ohio's Consumer Sales Practices Act where there was a prior, final decision on the merits in an underlying state foreclosure action).

**CONCLUSION**

Accordingly, for the foregoing reasons, Plaintiff's complaint is dismissed for failure to state a plausible claim in accordance with 28 U.S.C. § 1915(e)(2)(B) and her remaining pending motions are all denied.[1] The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated:  5/9/25

      /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

---

[1] In particular, Plaintiff is not entitled to the extraordinary remedy of temporary or preliminary injunctive relief. Whether to issue a preliminary injunction is committed to the sound discretion of the district court and is based on the court's consideration of (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Given the Court's determination that Plaintiff's claims are barred by *Rooker-Feldman* and *res judicata*, these factors clearly do not weigh in favor of injunctive relief. *See Dates v. HSBC*, 721 F. Supp. 3d 616, 624 (S.D. Ohio 2024) (denying motion for temporary restraining order relating to state foreclosure and eviction proceedings).